IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KINDRED HOSPITALS EAST, LLC d/b/a KINDRED HOSPITAL – PHILADELPHIA and d/b/a KINDRED HOSPITAL – HAVERTOWN,**<br>Plaintiff,<br>v.<br>**KEYSTONE FAMILY HEALTH PLAN,**<br>Defendant. | **CIVIL ACTION NO. 25-1563** |

### MEMORANDUM OPINION

**Rufe, J.**                                                                                 **February 10, 2026**

In this diversity action, Plaintiff Kindred Hospitals East, LLC ("Kindred") has filed suit against Defendant Keystone Family Health ("Keystone"), asserting claims for breach of contract, promissory estoppel, and unjust enrichment.[1] Currently pending is Keystone's motion under Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of Kindred's promissory estoppel and unjust enrichment claims.[2] Keystone argues that Kindred's assertion of an express contract between the parties forecloses it from pleading promissory estoppel and unjust enrichment in the alternative.[3] For the reasons set forth below, the Court disagrees and will deny the motion to dismiss.

---

[1] Compl. [Doc. No. 1-1]; First. Am. Compl. [Doc. No. 1-3].

[2] Mot. to Dismiss [Doc. No. 6].

[3] Mem. L. Supp. Mot. to Dismiss at 5-8 [Doc. No. 6-1].

I. BACKGROUND

The following facts are drawn from Kindred's First Amended Complaint and are accepted as true.[4] Kindred is a limited liability company that operates hospitals including Kindred Hospital Philadelphia and Kindred Hospital Havertown.[5] Kindred's facilities are long-term acute care hospitals, in which patients have average lengths of stay of more than twenty-five days.[6] The parties do not dispute that Kindred is a citizen of Delaware, Tennessee, and New York.[7]

Keystone is a general partnership that contracts with the Centers for Medicare and Medicaid Services ("CMS") to provide healthcare coverage to Medicare beneficiaries who register for Medicare Advantage plans offered by Keystone.[8] Keystone also contracts with the Pennsylvania Department of Human Services ("DHS") to provide healthcare coverage to Medicaid beneficiaries who are enrolled in the Commonwealth of Pennsylvania's Medical Assistance program.[9] Keystone operates its business by obtaining monthly payments from CMS and DHS and using those funds to pay the hospitals and medical providers that treat its insureds.[10] Keystone is a citizen of Pennsylvania and Michigan.[11]

Kindred and Keystone entered into a Hospital Services Agreement (the "Agreement") that took effect on July 1, 2019.[12] The Agreement provided for Keystone's insureds to receive

---

[4] *See Huertas v. Bayer US LLC*, 120 F.4th 1169, 1174 (3d Cir. 2024).

[5] First. Am. Compl. ¶¶ 1, 6 [Doc. No. 1-3].

[6] First. Am. Compl. ¶ 6 [Doc. No. 1-3].

[7] Notice of Removal at 1, 3 [Doc. No. 1].

[8] First. Am. Compl. ¶¶ 2, 11 [Doc. No. 1-3].

[9] First. Am. Compl. ¶ 9 [Doc. No. 1-3].

[10] *See* First. Am. Compl. ¶¶ 11-17 [Doc. No. 1-3].

[11] Notice of Removal at 1 [Doc. No. 1].

[12] First. Am. Compl. ¶ 19 [Doc. No. 1-3].

medical services at Kindred's hospitals in Philadelphia and Havertown and for Keystone to pay Kindred for those services in accordance with the rates listed in Schedule A-1 of the Agreement.[13] In the years following the Agreement's execution, Kindred admitted numerous patients in need of long-term acute care whom it understood were insured under Keystone's policies.[14] Prior to each patient's admission to one of the hospitals, Kindred obtained verification that the patient was covered under one of Keystone's Medicare or Medicaid Advantage healthcare policies.[15]

For eighteen insureds whom Kindred understood to be covered by Keystone policies and who were admitted to the hospitals, Keystone failed to pay for some or all of the medically necessary care that Kindred provided.[16] As alleged by Kindred, Keystone's inadequate performance was exemplified by a number of claims processing practices. Those practices included, among other things, paying for some but not all dates when "Medically Necessary"[17] services were rendered, unilaterally judging certain medical care to fall short of Medically Necessary, baselessly denying appeals that supposedly lacked supporting documentation or were untimely, asserting that claims were never filed, subjecting Kindred's claims to unilateral reductions or "charge-stripping" based on third-party assessments, denying claims it deemed to have been submitted with invalid diagnosis codes, and underpaying claims by applying an improper revenue code.[18]

---

[13] First. Am. Compl. ¶¶ 19-20 [Doc. No. 1-3]; First Am. Compl., Ex. 1, Schedule A-1 [Doc. No. 1-3].

[14] First. Am. Compl. ¶¶ 27-212 [Doc. No. 1-3].

[15] First. Am. Compl. ¶¶ 27-212 [Doc. No. 1-3].

[16] First. Am. Compl. ¶ 216 [Doc. No. 1-3].

[17] The Agreement's definition of Medically Necessary treatments includes services that are reasonably expected to prevent a medical condition, reduce or ameliorate effects of a medical condition, or enable a patient to sustain functional capacities. First. Am. Compl., Ex. 1 § 1.12 [Doc. No. 1-3].

[18] *See* First. Am. Compl. ¶¶ 27-212 [Doc. No. 1-3].

Based upon those allegations, Kindred filed a Complaint in Pennsylvania state court.[19] The Complaint named Keystone as a defendant, as well as another entity known as Vista Health Plan, Inc.[20] The parties stipulated to Kindred's filing of a First Amended Complaint that eliminated Vista Health Plan, Inc. from the lawsuit.[21] Keystone then removed the case to federal court and filed the motion to dismiss that is before the Court.[22] The motion to dismiss has been briefed and is ripe for the Court's review.[23]

## II.  LEGAL STANDARD

Keystone filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] The reviewing court must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[26]

---

[19] Compl. [Doc. No. 1-1].

[20] Compl. ¶ 3 [Doc. No. 1-1].

[21] Stipulation to File Am. Compl. at 2 [Doc. No. 1-2].

[22] Notice of Removal [Doc. No. 1]; Mot. to Dismiss [Doc. No. 6].

[23] With its Response, Kindred submitted an affidavit of William H. Mazur, who is counsel for Kindred. Aff. of William H. Mazur [Doc. No. 9-2]. The Court will disregard the factual assertions therein for purposes of resolving the pending motion to dismiss. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (stating that, as it concerns a motion to dismiss, evidence outside the pleadings may be considered only in the case of "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on that document").

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

[25] *Id.* at 678.

[26] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 230, 233 (3d Cir. 2008)).

The court must draw all inferences in favor of the plaintiff.[27] Yet, "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" must be disregarded.[28]

### III.  DISCUSSION

#### A.  Promissory Estoppel

Keystone argues that Kindred's promissory estoppel claim should be dismissed because the claim is precluded by the existence of the Agreement.[29] Kindred contends that the Federal Rules of Civil Procedure permit alternative pleading and that its alternative pleading scheme should be allowed since it is unsettled whether the Agreement applies to each of the eighteen insureds referenced in the First Amended Complaint.[30]

Promissory estoppel is an equitable remedy that enables an aggrieved party to obtain relief in the absence of a contract.[31] To recover on a promissory estoppel theory under Pennsylvania law, a plaintiff must show that "(1) the promisor makes a promise that he reasonably expects to induce action or forbearance by the promisee, (2) the promise does induce action or forbearance by the promisee, (3) and injustice can only be avoided by enforcing the promise."[32] A successful promissory estoppel claim enforces a promise instead of a contract, so if there is a "finding that the parties formed an enforceable contract, relief under a promissory

---

[27] *Dennis v. City of Phila.*, 19 F.4th 279, 284 (3d Cir. 2021).

[28] *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878-79 (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)).

[29] Mem. L. Supp. Mot. to Dismiss at 5-7 [Doc. No. 6-1].

[30] Pl.'s Resp. at 4-10 [Doc. No. 9].

[31] *See Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000).

[32] *Carlson v. Arnon-Ogden Mem'l Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990) (citing *Cardmone v. Univ. of Pitt.*, 384 A.2d 1228, 1233 (Pa. Super. Ct. 1978)).

estoppel claim is unwarranted."[33] As a result, numerous decisions in this district, including several cited by Keystone, have dismissed promissory estoppel claims due to the presence of an express contract between the parties.[34] While instructive, those district court decisions are not themselves binding on this Court. Of note, they trace their reasoning to the binding precedent set forth in *Carlson v. Arnon-Ogden Memorial Hospital*.[35] There, the Third Circuit affirmed summary judgment for the defendants on an estoppel claim because of its *de novo* finding that the parties had entered into an enforceable contract.[36]

Unlike *Carlson*, the Court here considers whether promissory estoppel is cognizable at the motion to dismiss stage, without fact discovery to rely upon. At this initial stage, the record is not sufficiently developed for the Court to make a finding about whether, and to what extent, the Agreement is enforceable.[37] In line with Rule 8(d), the Court will therefore deny Keystone's motion to dismiss Kindred's promissory estoppel claim, subject to its revisiting the issue as this case progresses.

---

[33] *Id.* (applying Pennsylvania law and concluding that the presence of an express contract between the parties required entering summary judgment in favor of the defendant on the plaintiff's estoppel claim).

[34] *See, e.g.*, *The Benchmark Grp., Inc. v. Penn Tank Lines, Inc.*, No. 07-2630, 2008 WL 282694, at *1 (E.D. Pa. Jan. 30, 2008); *Cardiology Care for Child. Inc. v. Ravi*, No. 17-4743, 2018 WL 1870717, at *5 (E.D. Pa. Apr. 18, 2018); *W. Chester Univ. Found. v. MetLife Ins. Co.*, 259 F. Supp. 3d 211, 222-23 (E.D. Pa. 2017).

[35] *W. Chester Univ. Found.*, 259 F. Supp. 3d at 222 (citing *Carlson*); *Cardiology Care*, 2018 WL 1870717, at *5 (same); *The Benchmark Grp.*, 2008 WL 282694, at *1 (same).

[36] *Carlson*, 818 F.2d at 416.

[37] *See Maid-Rite Specialty Foods Inc. v. Global Food Sols. Inc.*, No. 24-1057, 2025 WL 259385, at *3-4 (M.D. Pa. Jan. 21, 2025) (denying the defendant's motion to dismiss promissory estoppel and unjust enrichment claims that were pled alongside a breach of contract claim); *Hirtle Callaghan Holdings v. Thompson*, No. 18-2322, 2020 WL 5820735, at *5-6 (E.D. Pa. Sept. 30, 2020) (allowing promissory estoppel claim to proceed where the court did not know the "contours and scope" of the agreement or whether the promises alleged conflicted in any way with the language in the agreement); *see also Recovery Resort of the Palm Beaches LLC v. UPMC Health Plan, Inc.*, No. 24-1177, 2025 WL 2084791, at *3 (W.D. Pa. July 24, 2025).

## B.    Unjust Enrichment

Reprising their arguments on promissory estoppel, the parties similarly dispute whether the existence of the Agreement bars Kindred from pleading unjust enrichment in the alternative of breach of contract.[38] "Unjust enrichment is an equitable remedy, defined as 'the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected, and for which the beneficiary must make restitution.' "[39] To plead a valid unjust enrichment claim, a plaintiff must allege facts sufficient to establish the elements that (1) the plaintiff provided a benefit to the defendant; (2) the defendant appreciated the benefit; and (3) the benefit occurred under circumstances such that it would be inequitable for the defendant to retain the benefit without compensating the plaintiff.[40]

In Pennsylvania, "it has long been held . . . that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or an express contract."[41] Still, Rule 8(d) permits parties to assert grounds for relief that are inconsistent with one another at the pleading stage.[42] By allowing parties to plead inconsistent theories of recovery, this rule safeguards the pleader from foregoing potentially meritorious claims while he or she is still "legitimately uncertain as to the relevant facts."[43]

In the context of unjust enrichment and breach of contract, flexibility under Rule 8(d) is limited. "Courts typically allow a plaintiff to plead both a breach-of-contract claim and an

---

[38] Mem. L. Supp. Mot. to Dismiss at 7-8 [Doc. No. 6-1]; Pl.'s Response at 11 [Doc. No. 9].

[39] *Commonwealth by Shapiro v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1034 (Pa. 2018) (quoting *Roethlein v. Portnoff L. Assocs., Ltd.*, 81 A.3d 816, 825 n.8 (Pa. 2013)).

[40] *See, e.g.*, *Karden Constr. Servs. Inc., v. D'Amico*, 219 A.3d 619, 628 (Pa. Super Ct. 2019).

[41] *Wilson Area Sch. Dist. v. Skepton*, 895 A.2d 1250, 1254 (Pa. 2006); *see also Shafer Elec. & Const. v. Mantia*, 67 A.3d 8, 13 (Pa. Super. Ct. 2013).

[42] *McGuckin v. Brandywine Realty Tr.*, 185 F. Supp. 3d 600, 607 (E.D. Pa. 2016).

[43] *See* 5 Wright & Miller's Federal Practice and Procedure § 1283 (4th ed. 2025).

7

unjust-enrichment claim only where there is some dispute as to whether a valid, enforceable written contract exists."[44] Many district court decisions considering unjust enrichment and breach of contract claims pled in the alternative have dismissed unjust enrichment claims upon the finding of an absence of any dispute as to validity or enforceability.[45] However, in other decisions, courts applying Pennsylvania law have refrained from making those findings, thereby allowing unjust enrichment claims to proceed.[46] Separately, even where a court does find that a valid, enforceable contract exists, the scope of that contract is also relevant. If the scope of conduct contemplated by a valid, enforceable contract is narrow enough to "only encompass[] a part of the relationship between the parties" rather than "govern[ing] [their] entire relationship," an unjust enrichment claim will withstand a motion to dismiss.[47]

The Agreement in this case, by design, governs the entire relationship between Kindred and Keystone. It establishes that Kindred will provide medical services to individuals who are insured by Keystone and who have been admitted or otherwise referred to Kindred by one of

---

[44] *Montanez v. HSBC Mortg. Corp (USA)*, 876 F. Supp. 2d 504, 516 (E.D. Pa. 2012) (citing federal cases that applied Pennsylvania law as well as one Pennsylvania case); *Zaftr Inc. v. Lawrence*, No. 21-2177, 2021 WL 4989769, at *4 (E.D. Pa. Oct. 27, 2021) ("[W]hen the facts pled raise questions about the validity, enforceability, or applicability of the contract, a plaintiff may have a plausible claim for both breach of contract and unjust enrichment.").

[45] *See, e.g.*, *Montanez*, 876 F. Supp. 2d at 515-17; *Douglas v. RS-Werks Auto. Shop, LLC*, No. 22-3304, 2023 WL 12205059, at *4-5 (E.D. Pa. May 2, 2023); *Aqua Pharms., LLC v. Park Irmat Drug Corp.*, No. 17-2273, 2018 WL 2288287, at *6 (E.D. Pa. May 17, 2018); *Colkitt v JPMorgan Chase Bank N.A.*, No. 24-1482, 2025 WL 2403712, at *4 (W.D. Pa. Aug. 19, 2025).

[46] *See, e.g.*, *DKT Ventures, L.P. v. Russo*, No. 05-EQ-4058, 2006 WL 2988463 at *5 (Pa. Ct. Com. Pl. Aug. 21, 2006) (allowing an alternative pleading scheme for breach of contract and unjust enrichment where the plaintiff alleged "that in the event that an express contract is found not to exist, the [defendants'] conduct created an enforceable implied contract"); *PMC Prop. Grp., Inc. v. Apogee Wasau Grp., Inc.*, 754 F. Supp. 3d 585, 593 (E.D. Pa. 2024) (declining to find that the presence of a contract precluded the plaintiff's unjust enrichment claim and emphasizing that the case "is in its very early stage" where "[n]o discovery has taken place"); *Zaftr*, 2021 WL 4989769, at *4.

[47] *Montanez*, 876 F. Supp. 2d at 516 n.13; *Vantage Learning (USA), LLC v. Edgenuity, Inc.*, 246 F. Supp. 3d 1097, 1100 (E.D. Pa. 2017); *Hickey v. Univ. of Pitt.*, 81 F.4th 301, 315-16 (3d Cir. 2023) ("[T]he Federal Rules of Civil Procedure permit such claims to be pleaded in the alternative where, as here, the . . . applicability of a contract is in dispute.").

Keystone's participating healthcare providers.[48] In return for the provision of medical services to Keystone's insureds, the Agreement requires Keystone to issue payments consistent with the rates and revenue codes contained in Schedule A-1.[49]

Although the Agreement contemplates the parties' entire commercial relationship, and although Kindred concedes that the Agreement is valid,[50] the Court still lacks sufficient information to support a finding as to whether the Agreement is enforceable as to some or all of the patients identified in Kindred's First Amended Complaint. Because discovery will enable the parties to better understand the extent of the Agreement's enforceability, the Court will deny the motion to dismiss Kindred's unjust enrichment claim, without prejudice to any further decision it may make about the validity of that claim.[51]

## IV.   CONCLUSION

For the reasons stated, the Court will deny Keystone's motion to dismiss. An order will follow.

---

[48] First. Am. Compl., Ex. 1 § 2.1 [Doc. No. 1-3].

[49] First. Am. Compl., Ex. 1 § 3.1, Schedule A-1 [Doc. No. 1-3].

[50] Pl.'s Resp. at 6 [Doc. No. 9].

[51] *Cf. United States v. Kensington Hosp.*, 760 F. Supp. 1120, 1135 (E.D. Pa. 1991) (instructing defendant to re-contest whether unjust enrichment was warranted in a motion for summary judgment after the completion of discovery).